**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DANNER FORD**                                                                                     **PETITIONER**

**V.**                                                                             **NO. 4:19-CV-2-DMB-JMV**

**PELICIA HALL, et al.**                                                                   **RESPONDENTS**

## ORDER

Danner Ford's petition for a writ of habeas corpus is before the Court on the Report and Recommendation of United States Magistrate Judge Jane M. Virden.  Doc. #13.

### I
### Procedural History

On or about December 21, 2018, Danner Ford filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi challenging his 2010 convictions for murder, including a firearm enhancement, and for possessing a firearm as a felon. Doc. #1.  After being ordered to respond,[1] the State filed an answer to the petition.  Doc. #5.  Ford filed a traverse, Doc. #9, and a motion to amend his petition, Doc. #10.  United States Magistrate Judge Jane M. Virden denied Ford's motion to amend but provided that the Court would "construe [the] filing as a traverse and consider it when deciding the case."  Doc. #12.

On January 28, 2022, Judge Virden issued a Report and Recommendation ("R&R") recommending that Ford's petition be denied.  Doc. #13.  Ford acknowledged receipt of the R&R on February 8, 2022.  Doc. #14.  No objections to the R&R were filed.

### II
### Analysis

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination

---

[1] Doc. #3.

of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). The Court, having reviewed the R&R, concludes that it is neither clearly erroneous nor contrary to law. Accordingly, the R&R will be adopted as the order of the Court, and Ford's petition will be denied.

**III**
**Certificate of Appealability**

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

**IV**
**Conclusion**

The January 28, 2020, Report and Recommendation [13] is **ADOPTED** as the order of this Court. Ford's petition [1] is **DENIED**. A certificate of appealability is **DENIED**.

2

**SO ORDERED**, this 24th day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**